[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (#118)
The plaintiffs, Cheryl and Elwin Schwartz, residents of Madison, Connecticut, filed a two-count complaint against the Bitter End Yacht Club International, Inc. (Bitter End International), an Illinois corporation with its principal place of business in Chicago, Illinois, and which operates a `Bitter End Yacht Club' office in Darien, Connecticut. Count one alleged that the Bitter End Yacht Club located in the British Virgin Islands (The Bitter End Yacht Club, BVI) negligently served Cheryl Schwartz a reef fish contaminated with ciguatoxin, allegedly causing severe physical injury.[1] The second count alleges a violation of Connecticut's product liability statute, General Statutes §§ 52-572m, et seq.
In June of 1997, Bitter End International filed a motion to dismiss based on forum non conveniens which was ultimately denied by the court, Zoarski, J., in July of 1998. In support of that motion to dismiss, Bitter End International filed the affidavit of one Jonathan Strauss, setting forth detailed information concerning the corporate structure of the companies involved, as well as his professional responsibilities with respect to the CT Page 9417 companies.
According to the Strauss affidavit, Bitter End International is an Illinois corporation with offices in Illinois and Connecticut. It is owned by two parent companies, each holding a fifty-percent interest in the corporation. These companies are Century America Corporation, an Illinois corporation, of which Jonathan Strauss is Vice President and General Counsel, and West Indian Development Company, Ltd., a British Virgin Islands corporation. Bitter End International was the original defendant in this action. Jonathan Strauss's professional responsibilities include providing legal advice to "the Bitter End Yacht Club, [BVI]." The affidavit further revealed that The Bitter End Yacht Club, BVI, which had served the allegedly contaminated fish, was fully owned by Gorda Estates Limited, a corporation existing under the laws of the British Virgin Islands and which does not have any offices in the United States.
In November of 1998, after the Strauss affidavit was filed, the plaintiffs successfully moved to cite in "Gorda Estates Limited, d/b/a The Bitter End Yacht Club, [BVI]," as an additional defendant and then amended their complaint against both Bitter End International and "Gorda Estates Limited, d/b/a The Bitter End Yacht Club, [BVI]," alleging claims of negligence and product liability identical to those found in the original complaint. Gorda Estates Limited filed an appearance and has now moved to dismiss the complaint against it based on a claimed lack of personal jurisdiction.
Connecticut General Statutes § 33-929 (t) provides in pertinent part: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly solicited business, whether the orders or offers relating thereto were accepted within or without the state. . . ."[2]
The requirements of § 33-929 have not been established by the plaintiffs, or for that matter even alleged, for purposes of CT Page 9418 personal jurisdiction over Gorda Estates Limited. The plaintiffs have not alleged that the Virgin Islands corporation Gorda Estates Limited is soliciting, or has ever solicited, business in Connecticut. The only allegations of business solicitation found in the plaintiffs' complaint are directed towards the Illinois-based Bitter End International. In their motion to cite in Gorda Estates Limited as an additional defendant, as well as in their amended complaint, the plaintiffs have merely alleged that the general counsel of one of Bitter End International's parent companies provides legal advice to a subsidiary of Gorda Estates Limited.
As previously established, however, Gorda Estates Limited is a completely separate entity from Bitter End International, and for that matter, from Bitter End International's parent corporations, Century America Corporation and West Indian Development Company, Ltd. The only apparent organizational connection between Gorda Estates Limited and Bitter End International/Century America Corporation/West Indian Development Company Ltd., is the fact that Jonathan Strauss provides legal advice to The Bitter End Yacht Club, BVI. This acceptance of legal advice is an insufficient basis for finding that Connecticut courts may exercise personal jurisdiction over Gorda Estates Limited, a foreign corporation, which does not have any business ties to this state for purposes of General Statutes § 33-929.
Accordingly, Gorda Estates Limited's motion to dismiss is granted.
Jonathan E. Silbert, Judge